**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated; MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>STARLINE TOURS OF HOLLYWOOD, INC., a business entity,<br><br>Defendant - Appellee. | No. 12-55426<br><br>D.C. No. 2:11-cv-02620-JFW-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 8, 2013
Pasadena, California

Before: FISHER and CLIFTON, Circuit Judges, and SINGLETON, District
Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable James K. Singleton, Senior United States District Judge
for the District of Alaska, sitting by designation.

Plaintiffs Ms. Wheelchair California Pageant, Inc. and Lillibeth Navarro appeal the district court's dismissal for lack of jurisdiction and the denial of their motion to amend the scheduling order. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

**1.** The district court erred by sua sponte dismissing the plaintiffs' Americans with Disabilities Act (ADA) claims for lack of Article III standing. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). The memoranda on which the district court relied do not conclusively establish that Starline no longer has any discriminatory policies affecting persons with mobility disabilities. The plaintiffs' declarations support another inference – that Starline discriminated against individuals with disabilities in the past and that it has continued to do so. The plaintiffs further declared that they were deterred from attempting to use Starline's services but planned to do so when these services were made fully accessible. Viewing the facts in the light most favorable to the plaintiffs, as we are required to do, *see Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002), the plaintiffs have standing to bring suit under the ADA. As such, they have standing to challenge all of the barriers and policies that are allegedly denying them the full and equal enjoyment of Starline's services, including company policies or practices or the features of its vehicles that make

them inaccessible to persons who are wheelchair-bound, and failure to adequately train employees regarding their legal obligations under relevant federal and state statutes. *See Chapman*, 631 F.3d at 946.

**2.** The district court abused its discretion in denying the plaintiffs' motion to modify the scheduling order and file an amended complaint. The plaintiffs showed "good cause" because they diligently sought discovery in support of their physical barrier claims, including an inspection of Starline's vehicle fleet, and sought to modify the scheduling order shortly after their inspection was completed and the need for amendment became apparent. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 904, 908 (9th Cir. 2011).

The record does not support the district court's conclusion that Starline would be unfairly prejudiced by amendment. The plaintiffs' original complaint, numerous discovery requests and the class certification order gave Starline ample notice that the plaintiffs sought to remedy physical barriers to access in its vehicles.

We vacate the district court's dismissal and remand with instructions to grant the plaintiffs leave to file the proposed amended complaint. Each side shall bear its own costs of appeal.

**VACATED AND REMANDED**.